

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2006

# Govt of VI v. Huggins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1038

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Govt of VI v. Huggins" (2006). *2006 Decisions.* Paper 473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 06-1038

GOVERNMENT OF THE VIRGIN ISLANDS

v.

MORRIS HUGGINS,

Appellant

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 04-cr-00112)
District Judge: Hon. Raymond L. Finch, Chief Judge
District Judge: Hon. Curtis V. Gomez
Hon. Brenda J. Hollar, Judge of the Superior Court, Sitting by Designation

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2006

BEFORE: FISHER, COWEN and ROTH,* Circuit Judges

(Filed: September 7, 2006)

OPINION

*The Honorable Jane R. Roth assumed senior status on May 31, 2006.

COWEN, <u>Circuit Judge</u>.

Morris Huggins appeals from a final order of the District Court of the Virgin Islands, Appellate Division of St. Croix, affirming a Judgment and Order of Commitment entered by the Territorial Court following a jury trial. Huggins' sole contention on appeal is that the trial court abused its discretion in admitting into evidence a photograph of the victim's injury. For the reasons given below, we will affirm.

I.

During Huggins' jury trial on charges of assault in the third degree and possession of a dangerous weapon during the commission of a violent crime, the government offered into evidence a photograph (Exhibit 2-D) of the victim of Huggins' assault. The photograph was taken of the victim while she was in an ambulance at the scene of the crime. It depicts a laceration on the victim's bloody nose. The government offered the photograph to show evidence of the victim's injury as a result of Huggins' assault with an iron pipe. The defense objected to the admission of the photograph on the ground that the photograph is inflammatory and irrelevant. The trial court admitted the photograph into evidence over the objection.[1]

_____

[1] The photograph in question was one of three photographs that the government offered into evidence to show the nature of the victim's injury. One photograph (2-F) showed the victim at the hospital, while the other photographs (2-D, 2-E), showed the victim in the ambulance at the scene of the crime. The defense objected to the admission of all three photographs on the grounds that the photographs were inflammatory and irrelevant. The trial court excluded the hospital photograph (2-F), and permitted the government to admit into evidence only one of the two photographs of the victim in the ambulance. The government chose to introduce photograph 2-D into evidence.

2

Huggins was convicted by a jury of assault in the third degree, in violation of 14 V.I.C. § 297(2), and possession of a dangerous weapon during the commission of a crime of violence, in violation of 14 V.I.C. § 2251(a)(2)(B). He was sentenced by the Territorial Court to six months of imprisonment for the third degree assault and seven and a half years of imprisonment for the possession of a dangerous weapon.

## II.

Huggins argues that the trial court abused its discretion in admitting into evidence the photograph of the victim's injury. He contends that the photograph in question is gruesome and bloody, and, as such, that its probative value is outweighed by its propensity to cause prejudice. He posits that the victim's injury could have been presented through less prejudicial means, and suggests that the photograph was cumulative of the victim's testimony, the testimony and the records of the emergency medical technician, the testimony of the law enforcement officer, and the testimony of the shop owner Samuel Vierra. We review the trial court's admission of the photograph under an abuse of discretion standard. *Government of Virgin Islands v. Albert*, 241 F.3d 344, 347 & n.3 (3d Cir. 2001).

Federal Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "We have previously held that a district court has broad discretion to determine the admissibility of

relevant evidence in response to an objection under Rule 403." *United States v. Lopez*, 271 F.3d 472, 482 (3d Cir. 2001) (citation and internal quotation marks and brackets omitted). We have stated that if judicial restraint is ever desirable, it is when an appellate tribunal reviews a trial court's Federal Rule 403 analysis. *Id.*

In this case, the trial court did not abuse its broad discretion in admitting the photograph in question over Huggins' objection. The photograph of the victim's injury was relevant to whether Huggins committed the assault and possession charges, and was highly probative evidence because it corroborated the victim's testimony that she was assaulted with an iron pipe. Although other defense witnesses testified to observing blood on the victim's face, the photograph was the only evidence, other than the victim's testimony, showing the nature and extent of the victim's injury. Moreover, although the photograph shows some blood on the victim's face, it is not so gruesome that its prejudicial impact outweighs its probative value. For these reasons, we will affirm the final order of the District Court of the Virgin Islands, Appellate Division of St. Croix, which affirmed the Judgment and Order of Commitment entered by the trial court.